IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Civil No. 4:20-cv-00359 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | VERIFIED COMPLAINT FOR |
| | ) | FORFEITURE *IN REM* |
| FOUR (4) FIREARMS AND | ) | |
| AMMUNITION, | ) | |
| | ) | |
| Defendant(s). | ) | |

Plaintiff, United States of America hereby files and serves this VERIFIED COMPLAINT IN REM and alleges as follows:

## I.   NATURE OF THE ACTION

1.   This is an action to forfeit and condemn specific property to the use and benefit of the United States of America ("Plaintiff") for involvement, as set forth below, in violations of 18 U.S.C. § 922(a)(6) and 18 U.S.C. § 922(g)(3) and pursuant to 18 U.S.C. § 924(d).

2.   Section 922(a)(6) of Title 18, United States Code, makes it a federal crime for a person to make false statements to a licensed firearms dealer in connection with the acquisition or attempted acquisition of any firearm or ammunition.

3.   Section 922(g)(3) of Title 18, United States Code, makes is a federal crime for a person who is an unlawful user of, or person addicted to, a Controlled Substance, as defined in the Controlled Substances Act, to possess in or affecting

interstate commerce any firearm or ammunition or to receive any firearm or ammunition.

4.     The "Controlled Substances Act" was enacted by Congress as Title II of the "Comprehensive Drug Abuse Prevention and Control Act of 1970," Pub.L. No. 91-513, 84 Stat. 1236 (1970) (codified at 21 U.S.C. §§ 801-904).

5.     The term "controlled substance" is defined in 21 U.S.C. § 802(6) to mean a drug or other substance, or immediate precursor, included in any of the five schedules of such substances set forth in subchapter I of Title 21.

6.     Schedule I substances have a high potential for abuse, have no currently accepted medical use in treatment in the United States, and there is a lack of accepted safety for use of these controlled substances under medical supervision.  21 U.S.C. § 812(b)(1)(A)–(C).

7.     Under the Controlled Substances Act, only persons registered by the Attorney General of the United States, in accordance with rules and regulations promulgated by the Attorney General, may legally manufacture or distribute controlled substances.  21 U.S.C. § 822(a), (b).

8.     Under the Controlled Substances Act, it is unlawful to distribute, dispense, or possess with intent to distribute, a controlled substance, unless authorized by law to do so.  21 U.S.C. § 841(a)(1).

9.     Under the Controlled Substances Act, it is unlawful to knowingly possess a controlled substance, absent certain circumstances.  21 U.S.C. § 844(a).

10.     Under the Controlled Substances Act, Marijuana is a Schedule I controlled substance.

11.     Section 924(d) of Title 18, United States Code, authorizes the civil forfeiture of any firearm or ammunition involved in or used in any knowing violation of §§ 922(a)(6) and (g)(3).

12.     Specifically, the Defendant property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) as firearms and ammunition involved in or used in knowing violations of 18 U.S.C. §§ 922(a)(6) (false statement during purchase of a firearm) and 922(g)(3) (drug user or drug addict in possession of a firearm and ammunition).

## II.     DEFENDANT *IN REM*

13.     The Defendant property, consisting of the following four firearms,

    a.  a Glock, Model 19, 9mm pistol, with serial number BBLG637;

    b.  a Glock, Model 17, 9mm pistol, with serial number SEW523;

    c.  a Taurus, Model G2C, 9mm pistol, with serial number TLM61080; and

    d.  a Taurus, Model G2C, 9mm pistol, with serial number TLP21874,

and ammunition that were purchased by, and possessed by Makayla Morgan McNeeley ("hereinafter McNeeley"), in violation of federal law.

## III.     JURISDICTION AND VENUE

14.     This Court has jurisdiction over an action commenced by the United States of America under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

15.     This Court has *in rem* jurisdiction and venue over the Defendant property under 28 U.S.C. §§ 1355(b) and 1395(b) as the acts or omissions giving rise to the forfeiture occurred in this district and because the Defendant property was seized from and is located in this district.

16.     The government believes, based on available knowledge, information, and belief, that the following factual contentions have evidentiary support, or will likely have evidentiary support after a reasonable opportunity for investigation and discovery.

## IV.   FACTS

17.     Between May 2016 and August 2018, Makayla Morgan McNeeley purchased the following firearms from JT Guns and Supply, a licensed firearms dealer, in Des Moines, Iowa:

    a.  On May 4, 2016, a Glock, Model 19, 9mm pistol, with serial number BBLG637;

    b.  On November 17, 2017, a Glock, Model 17, 9mm pistol, with serial number SEW523;

    c.  On March 7, 2018, a Taurus, Model G2C, 9mm pistol, with serial number TLM61080; and

    d.  On August 13, 2018, a Taurus, Model G2C, 9mm pistol, with serial number TLP21874.

18.     McNeeley purchased each of the above-referenced firearms for and at the direction of McNeeley's then-boyfriend, KLP-W.

4

19.    At the time McNeeley purchased these firearms for KLP-W, he was under twenty-one (21) years old and therefore could not have lawfully purchased a pistol from a licensed firearms dealer.

20.    During each of the above-referenced firearm purchases, McNeeley completed a form from the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF Form 4473) to facilitate her purchase of those firearms from JT Guns and Supply.

21.    During each of those purchases, McNeeley falsely stated on the Form 4473 that she was the actual transferee/buyer of the firearms she was purchasing.

22.    At the time McNeeley completed each Form 4473, McNeeley knew that statement was false because she was not the actual transferee/buyer of the firearms and was instead purchasing the firearms for and at the direction of KLP-W, who could not have lawfully purchased those firearms from JT Guns and Supply.

23.    During the May 4, 2016 purchase of the Glock, Model 19, 9mm pistol, with serial number BBLG637, McNeeley also falsely stated on the ATF Form 4473 that she was not an unlawful user of, or addicted to, marijuana or any other controlled substance.

24.    At the time McNeeley completed the May 2016 Form 4473, McNeeley knew that statement was false because she was, in fact, an unlawful user of marijuana.

25.    At the time McNeeley completed the Form 4473 documents for one or more of these firearms, she was a user of marijuana.

26.     McNeeley knowingly made each of the false statements described above with the intent to deceive JT Guns and Supply with respect to facts material to the lawfulness of the sale or other disposition of the firearms McNeeley purchased.

27.     Specifically, McNeeley intended to deceive JT Guns and Supply regarding the fact that: (1) McNeeley was not the actual transferee/buyer of each of the firearms and the firearms were being purchased for someone who could not lawfully purchase a pistol from a licensed firearms dealer; and (2) with respect to the May 4, 2016 purchase of the Glock, Model 19, 9mm pistol, that McNeeley was an unlawful user of marijuana and therefore could not lawfully purchase or possess a firearm.

28.     On May 4, 2016, McNeeley knowingly possessed the Glock, Model 19, 9mm pistol, with serial number BBLG637.

29.     At the time McNeeley knowingly possessed this firearm, she knew she was an unlawful user of a controlled substance, specifically marijuana.

30.     The Glock, Model 19, 9mm pistol was not manufactured in the State of Iowa and therefore crossed a state line prior to the time McNeeley possessed that firearm on May 4, 2016.

31.     After McNeeley purchased the Glock and Taurus pistols described above, law enforcement officers recovered those firearms in the possession of other people.

32.     On January 27, 2017, the Des Moines Police Department recovered the Glock, Model 19, 9mm pistol, with serial number BBLG637, in the possession of JC.

6

33.    That firearm was recovered after staff at North High School in Des Moines suspected that JC, a student at the school, had something dangerous or illegal in his backpack.

34.    When staff attempted to question JC, he fled on foot and discarded his backpack.

35.    A police officer located JC's backpack, which contained a jar of marijuana and the Glock 9mm pistol. The Glock pistol contained a fully loaded thirty-one round magazine.

36.    On January 22, 2018, JC received a deferred judgment for carrying weapons on school grounds as a result of this incident.

37.    On December 10, 2017, the Des Moines Police Department recovered the Glock, Model 17, 9mm pistol, with serial number SEW523, in the possession of KLP-W.

38.    That firearm was recovered following a vehicle and foot pursuit of KLP-W.

39.    During the foot pursuit, an officer observed a firearm in KLP-W's hand. An officer eventually took KLP-W into custody and recovered the Glock 9mm pistol from a nearby driveway.  The Glock pistol contained a round in the chamber and fifteen rounds in the magazine.

40.    On September 5, 2018, KLP-W was convicted of carrying weapons and felony eluding as a result of this incident.

41.    On June 7, 2018, the Des Moines Police Department recovered the Taurus, Model G2C, 9mm pistol, with serial number TLM61080, in the possession of DT. That firearm was recovered during a traffic stop of a vehicle DT was driving.

42.    During the stop, officers smelled marijuana coming from the vehicle.

43.    Officers then searched the vehicle and found the Taurus 9mm pistol under the driver's seat.

44.    The Taurus pistol was loaded with a round in the chamber and ten rounds in the magazine.

45.    On November 30, 2018, DT was convicted of carrying weapons as a result of this incident.

46.    On February 14, 2019, the Des Moines Police Department recovered the Taurus, Model G2C, 9mm pistol, with serial number TLP21874, in the possession of KLP-W. That firearm was recovered during a traffic stop.

47.    During the stop, officers discovered that KLP-W, a passenger in the vehicle, had a firearm in his coat pocket.

48.    Officers retrieved the Taurus 9mm pistol from KLP-W's coat. The Taurus pistol was loaded with a round in the chamber and eleven rounds in the magazine.

49.    KLP-W also possessed a backpack, which contained approximately seventeen grams of marijuana.

50.    On November 1, 2019, KLP-W was convicted of being a felon in possession of a firearm as a result of this incident.

51.     The Taurus 9mm pistol with serial number TLP21874 was test-fired for comparison in the National Integrated Ballistic Information Network (NIBIN). A test-fired casing from that Taurus pistol matched shell casings recovered at the scene of multiple shooting incidents in Des Moines in 2018 and 2019.

52.     On March 9, 2020, law enforcement officers executed a search warrant at McNeeley's residence at 4122 3rd Street in Des Moines.

53.     Officers searched McNeeley's residence and, among other things, found the following items:

   a.  Gun box for the Taurus, Model G2C, 9mm pistol (serial number TLM61080) in the garage;

   b.  Gun box for the Taurus, Model G2C, 9mm pistol (serial number TLP21874) in the garage;

   c.  Gun box for the Glock, Model 19, 9mm pistol (serial number BBLG637) in the garage;

   d.  Gun box for the Glock, Model 17, 9mm pistol (serial number SEW523) in the garage;

   e.  Thirteen rounds of .40 caliber ammunition in McNeeley's bedroom closet;

   f.  One round of .40 caliber ammunition and three rounds of 9mm ammunition in a Glock gun box in the garage;

   g.  Forty-one rounds of assorted .40 caliber ammunition in a shoebox in the garage;

   h.  Three rounds of 9mm ammunition and eight shell casings in a shoebox in the garage;

   i.  Cardboard box for a Smith & Wesson, M&P Shield, .40 caliber pistol (serial number HWC9598) in a tote in the garage;

j.  Cardboard box for a Taurus, Model PT 111 Millennium G2, 9mm pistol (serial number TKM72031) in a tote in the garage;

k.  Iowa Permit to Carry Weapons permit inside McNeeley's purse;

l.  Small baggie of marijuana in McNeeley's bedroom closet;

m. Containers of marijuana in the basement;

n.  Miscellaneous drug paraphernalia in the garage and basement; and

o.  Two water bongs in McNeeley's bedroom closet.

54.  During the execution of the search warrant, officers conducted a post-*Miranda* interview of McNeeley.

55.  During the interview, McNeeley admitted to purchasing a number of firearms from JT Guns and Supply.

56.  McNeeley acknowledged that her former boyfriend, KLP-W was with her each time she purchased a firearm.

57.  Later in the interview, McNeeley admitted that she purchased each of the Taurus and Glock pistols referenced above for KLP-W.

58.  McNeeley said KLP-W asked her to buy the guns for him because he was not old enough to do so.

59.  McNeeley said she purchased the guns for KLP-W because she "wanted to please him."

60.  During the interview, McNeeley also discussed her drug use.

61.  McNeeley said she then smoked marijuana "occasionally" if she has a headache.

10

62.   McNeeley estimated her current marijuana use as once every three months.

63.   McNeeley acknowledged that she used to smoke "a lot" of marijuana before she became pregnant.

64.   McNeeley said she began smoking marijuana when she was sixteen years old, and that before she became pregnant she would smoke marijuana "probably every day" and would take two or three hits off a blunt.

65.   At no time pertinent to the events involved in this case was McNeeley authorized under federal law to possess, distribute, dispense, or possess with the intent to distribute or dispense, any controlled substance.

66.   It is illegal for a prohibited person, such as a felon, drug addict or drug user, person convicted of a misdemeanor crime of domestic violence, or a person subject to a domestic restraining order, to actually or constructively possess a firearm or ammunition, even if he or she does not own it.

67.   A person can have sole or joint possession of a firearm and ammunition.

68.   A person who has direct physical control over a firearm and ammunition, in any way, shape, or form, is in actual possession of them.

69.   A person who, although not in actual possession of a firearm and ammunition, has the ability to knowingly exercise dominion and control over them, either directly or through another person, is in constructive possession of them.

70.     A person has constructive possession over a firearm and ammunition if he or she has dominion and control over the premises or residence where the firearm and ammunition is located.

71.     McNeeley was knowingly in actual and constructive possession of the Defendant firearms and ammunition at the time of their purchase and when she was prohibited under federal law from possessing them due to her status as a user of marijuana, a Schedule I controlled substance.

72.     On July 14, 2020, McNeeley was charged in the U.S. District Court for the Southern District of Iowa in a five-count Indictment with, among other things, violations of 18 U.S.C. §§ 922(a)(6) and 922(g)(3). The case is *United States v. McNeeley*, 4:20-cr-00107.

73.     Pursuant to a written Plea Agreement, on September 2, 2020, McNeeley pled guilty in the U.S. District Court for the Southern District of Iowa to being a prohibited person in possession of a firearm on May 4, 2016 and false statement during purchase of a firearm on August 13, 2018.

74.     In Paragraph 8 of her Plea Agreement, McNeeley admitted that between May 2016 and August 2018, she illegally made the following firearm purchases at JT Guns and Supply, a licensed firearms dealer, in Des Moines, Iowa:

   a. On May 4, 2016, Defendant purchased a Glock, Model 19, 9mm pistol, with serial number BBLG637;

   b. On November 17, 2017, Defendant purchased a Glock, Model 17, 9mm pistol, with serial number SEW523;

   c. On March 7, 2018, Defendant purchased a Taurus, Model G2C, 9mm pistol, with serial number TLM61080; and

      d.   On August 13, 2018, Defendant purchased a Taurus, Model G2C, 9mm pistol, with serial number TLP21874.

She also admitted she knowingly purchased these firearms based on false statements about the true buyer's identity that she made in the ATF Form 4473, and about her own use of marijuana in May 2016.

75.    The above-listed four firearms were each manufactured outside the State of Iowa and therefore traveled across a state line prior to Defendant's possession of them.

76.    In Paragraph 19 of the Plea Agreement, attached hereto as Exhibit #1, McNeeley agreed to the forfeiture of the Defendant firearms in an administrative or civil forfeiture proceeding, at the discretion of the United States.

77.    The firearms and ammunition seized are subject to forfeiture because they were illegally purchased, and illegally possessed by McNeeley when she was a prohibited person under federal law, as set forth above.

78.    As a result of her guilty plea, McNeeley is prohibited under 18 U.S.C. § 922(g)(1) from possessing any firearm and ammunition.

## V.    COUNT ONE – FORFEITURE BASED ON § 922(a)(6)

79.    The Plaintiff hereby realleges the allegations set forth above.

80.    Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that the Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d) as firearms and ammunition involved in or used in knowing violations of 18 U.S.C. § 922(a)(6).

13

## VI.   COUNT TWO – FORFEITURE BASED ON § 922(g)(3)

81.   The Plaintiff hereby realleges the allegations set forth above.

82.   Based on the allegations set forth herein, and other facts to be developed, Plaintiff asserts that one or more of the Defendant properties are subject to forfeiture pursuant to 18 U.S.C. § 924(d) as firearms and ammunition involved in or used in knowing violations of 18 U.S.C. § 922(g)(3).

## VII.   CLAIM FOR RELIEF

WHEREFORE, the United States prays that the Defendant property be forfeited to the United States in this action and for such other and further relief as the Court deems proper and just.

Respectfully submitted,

Marc Krickbaum
United States Attorney

By:   */s/ Craig Peyton Gaumer*
Craig Peyton Gaumer
Assistant United States Attorney
U. S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9317
Fax: (515) 473-9292
Email: craig.gaumer@usdoj.gov

## VERIFICATION

I, Kelly Etnier, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and that I have read the foregoing Verified Complaint and know the contents thereof and the matters contained in the Verified Complaint are true to my own knowledge, except for those matters not within my own personal knowledge and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds for my belief are the official files and records of the United States and information provided to me by other law enforcement officers, as well as my investigation of this case, together with others, as Special Agent.

Dated:  November  19, 2020.

_Kelly D. Etnier_
_____
Kelly Etnier, Special Agent
Bureau of Alcohol, Tobacco, Firearms and
Explosives

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:20-CR-107 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| MAKAYLA MORGAN MCNEELEY, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America (also referred to as "the Government"),
Defendant, Makayla Morgan McNeeley, and Defendant's attorney, enter into this
Plea Agreement.

## A.    CHARGES

1.    <u>Subject Offenses</u>.    Defendant will plead guilty to Count 1 of the
Indictment, which alleges Unlawful User in Possession of a Firearm, in violation of
Title 18, United States Code, Sections 922(g)(3) and 924(a)(2), and to Count 5 of the
Indictment, which alleges False Statement During a Purchase of a Firearm, in
violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2). Defendant
also agrees to forfeit the firearms identified in the Indictment.

2.    <u>Charges Being Dismissed</u>.    If the Court accepts this Plea Agreement,
Counts 2, 3, and 4 of the Indictment will be dismissed at the time of sentencing.

3.    <u>No Further Prosecution</u>.    The Government agrees that Defendant will
not be charged in the Southern District of Iowa with any other federal criminal
offense arising from or directly relating to this investigation.   This paragraph and
this Plea Agreement do not apply to (1) any criminal act occurring after the date of

1

this agreement; (2) any crime of violence; or (3) any criminal offense which Defendant did not fully disclose to law enforcement during Defendant's interviews pursuant to any proffer or other agreements with the United States.

## B. MAXIMUM PENALTIES

4. <u>Maximum Punishment</u>.  Defendant understands that the crimes to which Defendant is pleading guilty in Counts 1 and 5 of the Indictment each carry a maximum sentence of ten (10) years in prison; a maximum fine of $250,000; and a term of supervised release of up to three (3) years.  A mandatory special assessment of $100 per count must also be imposed by the Court. Defendant understands that these sentences may be imposed consecutively.

5. <u>Supervised Release--Explained</u>.  Defendant understands that, during any period of supervised release or probation, Defendant will be under supervision and will be required to comply with certain conditions.  If Defendant were to violate a condition of supervised release, Defendant could be sentenced to not more than two (2) years in prison, without any credit for time previously served.

6. <u>Detention</u>.  Provided that Defendant does not violate any conditions of Defendant's pretrial release, and does not appear to be mentally at risk to harm herself or any other person, the Government agrees to recommend that Defendant may remain on pretrial release pending imposition of sentence.

## C.    NATURE OF THE OFFENSE – FACTUAL BASIS

7.    <u>Elements Understood</u>.    Defendant understands that to prove the offense alleged under **Count 1 (Unlawful User in Possession of a Firearm)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a)    Defendant was an unlawful user of a controlled substance, to wit: marijuana, and knew she was an unlawful user of that controlled substance;

(b)    Defendant knowingly possessed a firearm while she was an unlawful user of a controlled substance; and

(c)    The firearm was transported across a state line some time during or before Defendant's possession of it.

Defendant further understands that to prove the offense alleged under **Count 5 (False Statement During a Purchase of a Firearm)**, the Government would be required to prove beyond a reasonable doubt the following elements:

(a)    Defendant made a false statement in connection with the acquisition of a firearm from a licensed firearms dealer;

(b)    Defendant did so knowingly; and

(c)    The statement was intended to or likely to deceive the dealer with respect to any fact material to the lawfulness of the sale or other disposition of the firearm.

8.    <u>Factual Basis</u>.    As a factual basis for Defendant's plea of guilty, Defendant admits the following:

(a)    Between May 2016 and August 2018, Defendant made the following firearm purchases at JT Guns and Supply, a licensed firearms dealer, in Des Moines, Iowa:

3

(i)     On May 4, 2016, Defendant purchased a Glock, Model 19, 9mm pistol, with serial number BBLG637;

(ii)    On November 17, 2017, Defendant purchased a Glock, Model 17, 9mm pistol, with serial number SEW523;

(iii)   On March 7, 2018, Defendant purchased a Taurus, Model G2C, 9mm pistol, with serial number TLM61080; and

(iv)    On August 13, 2018, Defendant purchased a Taurus, Model G2C, 9mm pistol, with serial number TLP21874.

(b)   During each of the above-referenced firearm purchases, Defendant completed ATF Form 4473 to facilitate Defendant's purchase of those firearms from JT Guns and Supply. During each of those purchases, Defendant falsely stated on the Form 4473 that Defendant was the actual transferee/buyer of the firearms referenced above. At the time Defendant completed each Form 4473, Defendant knew that statement was false because Defendant was not the actual transferee/buyer of the firearms and was instead purchasing the firearms for and at the direction of Defendant's then-boyfriend, Kha Len Price-Williams. At the time Defendant purchased those firearms for Price-Williams, Price-Williams was under twenty-one (21) years old and could not have lawfully purchased a pistol from a licensed firearms dealer.

(c)   During the May 4, 2016 purchase of the Glock, Model 19, 9mm pistol, with serial number BBLG637, Defendant also falsely stated on the ATF Form 4473 that Defendant was not an unlawful user of, or addicted to, marijuana or any other controlled substance. At the time Defendant completed that Form 4473, Defendant knew that statement was false because Defendant was, in fact, an unlawful user of marijuana.

(d)   Defendant knowingly made each of the false statements described above with the intent to deceive JT Guns and Supply with respect to facts material to the lawfulness of the sale or other disposition of the above-referenced firearms. Specifically, Defendant intended to deceive JT Guns and Supply regarding the fact that: (1) Defendant was not the actual transferee/buyer of each of the firearms and the firearms were being purchased for someone who could not lawfully purchase a pistol from a licensed firearms dealer; and (2) with respect to the May 4, 2016 purchase of the

4

Glock, Model 19, 9mm pistol, that Defendant was an unlawful user of marijuana and therefore could not lawfully purchase or possess a firearm.

(e) On May 4, 2016, Defendant knowingly possessed the Glock, Model 19, 9mm pistol, with serial number BBLG637. At the time Defendant knowingly possessed that firearm, Defendant knew she was an unlawful user of a controlled substance, namely marijuana.

(f) The Glock, Model 19, 9mm pistol, with serial number BBLG637, was manufactured outside the State of Iowa and therefore crossed a state line prior to Defendant's possession of it on May 4, 2016.

(g) All of the above events occurred in Des Moines, Iowa.

Defendant agrees that the Factual Basis may be relied upon by the Government and any Court or agency in any civil, criminal, or administrative forfeiture proceedings.

9. <u>Truthfulness of Factual Basis</u>. Defendant acknowledges that the above statements are true. Defendant understands that, during the change of plea hearing, the judge and the prosecutor may ask Defendant questions under oath about the offenses to which Defendant is pleading guilty, in the presence of Defendant's attorney. Defendant understands that Defendant must answer these questions truthfully, and that Defendant can be prosecuted for perjury if Defendant gives any false answers.

10. <u>Waiver of Rule 410 Rights</u>. Defendant expressly waives Defendant's rights under Rule 410 of the Federal Rules of Evidence and agrees that all factual statements made in this plea agreement, including under the Factual Basis, are admissible against Defendant. Should Defendant fail to plead guilty pursuant to this plea agreement or move to withdraw her plea or to set aside Defendant's conviction,

5

then these admissions may be used against Defendant in the Government's case-in-chief and otherwise, including during the continuing prosecution of this case.

11.   Venue.   Defendant agrees that venue for this case is proper for the United States District Court for the Southern District of Iowa.

## D.   SENTENCING

12.   Sentencing Guidelines.   Defendant understands that Defendant's sentence will be determined by the Court after considering the advisory United States Sentencing Guidelines, together with other factors set forth by law.   The Sentencing Guidelines establish a sentencing range based upon factors determined to be present in the case, which include, but are not limited to the following:

(a)   The nature of the offenses to which Defendant is pleading guilty;

(b)   The number of firearms involved in the offense, with the parties stipulating as a recommendation to the District Court that the offense involved four (4) firearms;

(c)   Defendant's role in the offense, with the parties stipulating as a recommendation to the District Court that neither an upward nor downward adjustment should be applied under USSG §3B1.1 and §3B1.2;

(d)   The nature and extent of Defendant's criminal history (prior convictions); and

(e)   Acceptance or lack of acceptance of responsibility.

Defendant understands that, under some circumstances, the Court may "depart" or "vary" from the Sentencing Guidelines and impose a sentence more severe or less severe than provided by the guidelines, up to the maximum in the statute of conviction.   Defendant has discussed the Sentencing Guidelines with Defendant's

attorney.

13. <u>Acceptance of Responsibility</u>. The Government agrees to recommend that Defendant receive credit for acceptance of responsibility under USSG §3E1.1. The Government reserves the right to oppose a reduction under §3E1.1 if after the plea proceeding Defendant obstructs justice, fails to cooperate fully and truthfully with the United States Probation Office, attempts to withdraw Defendant's plea, or otherwise engages in conduct not consistent with acceptance of responsibility. If the base offense level is 16 or above, as determined by the Court, the Government agrees that Defendant should receive a 3-level reduction, based on timely notification to the Government of Defendant's intent to plead guilty.

14. <u>Presentence Report</u>. Defendant understands that the Court may defer a decision as to whether to accept this Plea Agreement until after a Presentence Report has been prepared by the United States Probation Office, and after Defendant's attorney and the Government have had an opportunity to review and challenge the Presentence Report. The parties are free to provide all relevant information to the Probation Office for use in preparing a Presentence Report.

15. <u>Disclosure of Presentence Investigation Reports</u>. The United States District Court for the Southern District of Iowa has issued the following Administrative Order:

> The presentence investigation report is a sealed and confidential document. Unless specifically authorized by the district court, a defendant may not disseminate, disclose, or distribute a presentence investigation report, or any part or page of a presentence investigation report, in either draft or final form. A defendant who violates this order, may be subject to prosecution for contempt

of court under 18 U.S.C. § 401(3). This order does not apply to a defendant's review of a presentence investigation report with the defendant's own attorney.

Defendant acknowledges and understands this order.

16.  Evidence at Sentencing.  The parties may make whatever comment and evidentiary offer they deem appropriate at the time of sentencing and entry of plea, provided that such offer or comment does not violate any other provision of this Plea Agreement.  Nothing in this Plea Agreement restricts the right of Defendant or any victim to make an allocution statement, to the extent permitted under the Federal Rules of Criminal Procedure, nor does this Plea Agreement convey any rights to appear at proceedings or make statements that do not otherwise exist.

17.  Sentence to be Decided by Judge -- No Promises.  This Plea Agreement is entered pursuant to Rule 11(c)(1)(A) and 11(c)(1)(B) of the Federal Rules of Criminal Procedure.  Defendant understands that the final sentence, including the application of the Sentencing Guidelines and any upward or downward departures, is within the sole discretion of the sentencing judge, and that the sentencing judge is not required to accept any factual or legal stipulations agreed to by the parties.  Any estimate of the possible sentence to be imposed, by a defense attorney or the Government, is only a prediction, and not a promise, and is not binding.  Therefore, it is uncertain at this time what Defendant's actual sentence will be

18.  No Right to Withdraw Plea.  Defendant understands that Defendant will have no right to withdraw Defendant's plea if the sentence imposed, or the application of the Sentencing Guidelines, is other than what Defendant anticipated,

or if the sentencing judge declines to follow the parties' recommendations.

## E.    FINES, COSTS AND FORFEITURE

19.    <u>Forfeiture</u>.    Defendant agrees to forfeit the firearms used in the offenses charged in the Indictment in any administrative or civil forfeiture proceeding brought by the federal or state government, at the discretion of the prosecution, including the following: (1) a Glock, Model 19, 9mm pistol, with serial number BBLG637; (2) a Glock, Model 17, 9mm pistol, with serial number SEW523; (3) a Taurus, Model G2C, 9mm pistol, with serial number TLM61080; and (4) a Taurus, Model G2C, 9mm pistol, with serial number TLP21874. Defendant will execute any documents as directed by the Government to complete the forfeiture.

20.    <u>Waivers Regarding Forfeiture</u>.    Defendant waives all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds.    Defendant further agrees that the forfeiture provisions of this Plea Agreement are intended to, and will, survive Defendant notwithstanding the abatement of any underlying criminal conviction after execution of this Plea Agreement.    The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived and that determination shall be binding upon Defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

21.    <u>Consent to Judgment of Forfeiture</u>.    Defendant agrees to waive all

interest in assets subject to this Plea Agreement in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.

22. <u>Fines and Costs</u>. Issues relating to fines and/or costs of incarceration are not dealt with in this agreement, and the parties are free to espouse their respective positions at sentencing.

23. <u>Special Assessment</u>. Defendant agrees to pay the mandatory special assessment of $200 ($100 per count) at or before the time of sentencing, as required by 18 U.S.C. § 3013.

**F. LIMITED SCOPE OF AGREEMENT**

24. <u>Limited Scope of Agreement</u>. This Plea Agreement does not limit, in any way, the right or ability of the Government to investigate or prosecute Defendant for crimes occurring outside the scope of this Plea Agreement. Additionally, this Plea Agreement does not preclude the Government from pursuing any civil or administrative matters against Defendant, including, but not limited to, civil tax

10

matters and civil forfeiture which arise from, or are related to, the facts upon which this investigation is based.

25. <u>Agreement Limited to Southern District of Iowa</u>. This Plea Agreement is limited to the United States Attorney's Office for the Southern District of Iowa, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## G.   WAIVER OF TRIAL, APPEAL AND POST-CONVICTION RIGHTS

26. <u>Trial Rights Explained</u>. Defendant understands that this guilty plea waives the right to:

    (a)    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    (b)    A speedy and public trial by jury, which must unanimously find Defendant guilty before there can be a conviction;

    (c)    The assistance of an attorney at all stages of trial and related proceedings, to be paid at Government expense if Defendant cannot afford to hire an attorney;

    (d)    Confront and cross-examine adverse witnesses;

    (e)    Present evidence and to have witnesses testify on behalf of Defendant, including having the Court issue subpoenas to compel witnesses to testify on Defendant's behalf;

    (f)    Not testify or have any adverse inferences drawn from the failure to testify (although Defendant also has the right to testify, if Defendant so chooses); and

    (g)    If Defendant is convicted, the right to appeal, with the assistance of an attorney, to be paid at Government expense if Defendant cannot afford to hire an attorney.

27.    Waiver of Appeal and Post-Conviction Review.    Defendant knowingly and expressly waives any and all rights to appeal Defendant's conviction in this case, including a waiver of all motions, defenses and objections which Defendant could assert to the charge(s) or to the Court's entry of judgment against Defendant; except that both Defendant and the United States preserve the right to appeal any sentence imposed by the Court, to the extent that an appeal is authorized by law.    Also, Defendant knowingly and expressly waives any and all rights to contest Defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255.    These waivers are full and complete, except that they do not extend to the right to appeal or seek post-conviction relief based on grounds of ineffective assistance of counsel or prosecutorial misconduct.

## H.    VOLUNTARINESS OF PLEA AND OPPORTUNITY TO CONSULT WITH COUNSEL

28.    Voluntariness of Plea.    Defendant represents that Defendant's decision to plead guilty is Defendant's own, voluntary decision, and that the following is true:

(a)    Defendant has had a full opportunity to discuss all the facts and circumstances of this case with Defendant's attorney, and Defendant has a clear understanding of the charges and the consequences of this plea, including the maximum penalties provided by law.

(b)    No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this written agreement.

(c)    No one has threatened Defendant or Defendant's family to induce this guilty plea.

12

      (d)    Defendant is pleading guilty because in truth and in fact Defendant is guilty and for no other reason.

29.    <u>Consultation with Attorney</u>.  Defendant has discussed this case and this plea with Defendant's attorney and states that the following is true:

      (a)    Defendant states that Defendant is satisfied with the representation provided by Defendant's attorney.

      (b)    Defendant has no complaint about the time or attention Defendant's attorney has devoted to this case nor the advice the attorney has given.

      (c)    Although Defendant's attorney has given Defendant advice on this guilty plea, the decision to plead guilty is Defendant's own decision.  Defendant's decision to enter this plea was made after full and careful thought, with the advice of Defendant's attorney, and with a full understanding of Defendant's rights, the facts and circumstances of the case, and the consequences of the plea.

## I.    GENERAL PROVISIONS

30.    <u>Entire Agreement</u>.  This Plea Agreement, and any attachments, is the entire agreement between the parties.  Any modifications to this Plea Agreement must be <u>in writing</u> and signed by all parties.

31.    <u>Public Interest</u>.  The parties state this Plea Agreement is in the public interest and it takes into account the benefit to the public of a prompt and certain disposition of the case and furnishes adequate protection to the public interest and is in keeping with the gravity of the offense and promotes respect for the law.

32.    <u>Execution/Effective Date</u>.  This Plea Agreement does not become valid and binding until executed by each of the individuals (or their designated representatives) shown below.

13

33.   <u>Consent to Proceed by Video Conferencing.</u> Defendant consents to any proceedings in this case, to include plea and sentencing proceedings, being conducted by video or telephone technology, if the Court finds further delay would seriously harm the interests of justice. Defendant has had the opportunity to consult with Defendant's attorney about the use of video or telephone technology in this case.

## J.   SIGNATURES

34.   <u>Defendant</u>.   I have read all of this Plea Agreement and have discussed it with my attorney.   I fully understand the Plea Agreement and accept and agree to it without reservation.   I do this voluntarily and of my own free will.   No promises have been made to me other than the promises in this Plea Agreement.   I have not been threatened in any way to get me to enter into this Plea Agreement.   I am satisfied with the services of my attorney with regard to this Plea Agreement and other matters associated with this case.   I am entering into this Plea Agreement and will enter my plea of guilty under this Agreement because I committed the crimes to which I am pleading guilty.   I know that I may ask my attorney and the judge any questions about this Plea Agreement, and about the rights that I am giving up, before entering into the plea of guilty.

_8-27-20_
Date

Makayla M McNeeley
Makayla McNeeley

35.   <u>Defendant's Attorney</u>.   I have read this Plea Agreement and have discussed it in its entirety with my client.   There is no Plea Agreement other than the agreement set forth in this writing.   My client fully understands this Plea

14

Agreement. I am satisfied my client is capable of entering into this Plea Agreement, and does so voluntarily of Defendant's own free will, with full knowledge of Defendant's legal rights, and without any coercion or compulsion. I have had full access to the Government's discovery materials, and I believe there is a factual basis for the plea. I concur with my client entering into this Plea Agreement and in entering a plea of guilty pursuant to the Plea Agreement.

_8/27/2020_
Date

_____
Melanie Keiper
Attorney for Makayla McNeeley

36. <u>United States</u>. The Government agrees to the terms of this Plea Agreement.

Marc Krickbaum
United States Attorney

_8/31/2020_          By:    _____
Date

Ryan W. Leemkuil
Assistant U.S. Attorney
U.S. Courthouse Annex, Suite 286
110 East Court Avenue
Des Moines, Iowa 50309
Telephone: 515-473-9300
Telefax: 515-473-9292
E-mail: ryan.leemkuil@usdoj.gov